**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

CARMELITE SISTERS FOR THE AGED
AND INFIRM, INC., *et al.*,

                  Plaintiffs,

v.                                   1:26-cv-01396 (AMN/CBF)

LETITIA JAMES, *in her official capacity as*
*the Attorney General of New York*, *et al.*,

                  Defendants.

**Hon. Anne M. Nardacci, United States District Judge:**

| | |
|---|---|
| **THE BECKET FUND** | **MARK L. RIENZI, ESQ.** |
| **FOR RELIGIOUS LIBERTY** | **ADELE A. KEIM, ESQ.** |
| 1919 Pennsylvania Avenue NW | **ANGELA WU HOWARD, ESQ.** |
| Suite 400 | **BENJAMIN A. FLESHMAN, ESQ.** |
| Washington, DC 20006 | **LAURA WOLK SLAVIS, ESQ.** |
| *Attorneys for Plaintiffs* | **SIENA A. MARCELLE, ESQ.** |
| | |
| **NEW YORK STATE ATTORNEY GENERAL** | **BENJAMIN L. LOEFKE, ESQ.** |
| The Capitol | |
| Albany, New York 12224 | |
| *Attorneys for Defendants* | |

### CONSENT ORDER FOR TEMPORARY RESTRAINING ORDER

**WHEREAS**, New York has passed the Medical Aid in Dying Law ("MAID"), encoded as Article 28-F of its Public Health Law, which will take effect on August 5, 2026;

**WHEREAS**, on July 17, 2026, Plaintiffs filed a Verified Complaint against Defendants;

**WHEREAS**, on July 22, 2026, Plaintiffs filed an Emergency Motion for a Temporary Restraining Order and Preliminary Injunction (the "Emergency Motion") seeking to enjoin Defendants from enforcing certain provisions of MAID or the Palliative Care Information Act ("PCIA") against Plaintiffs, during the pendency of this action;

**WHEREAS**, on July 23, 2026, the Court scheduled a hearing on the Emergency Motion for August 3, 2026, and directed Defendants to file all opposing papers to the Emergency Motion, if any, on or before Thursday, July 30, 2026, and Plaintiffs to file reply papers, if any, on or before Saturday, August 1, 2026, (Dkt. No. 16); and

**WHEREAS**, Plaintiffs and Defendants, by and through their counsel, have voluntarily agreed to a temporary restraining order, and to a revised briefing schedule on the Emergency Motion and Defendants' anticipated motion to dismiss, upon the following terms and conditions, as set forth in this Consent Order.

**IT IS THEREFORE ORDERED** that, pursuant to Rule 65 of the Federal Rules of Civil Procedure, a temporary restraining order shall be immediately entered as described herein:

1.     This temporary restraining order shall remain in force unless and until the Court enters a subsequent Order (i) denying Plaintiffs' Emergency Motion; or (ii) granting a cross-motion by Defendants to dismiss the Complaint ; or (iii) otherwise lifting the temporary restraining order.

2.     During the period of the temporary restraining order Defendants[1] are barred from requiring that Plaintiffs, their medical providers, employees, clinical contractors, and any others acting on Plaintiffs' behalf or providing care to patients or residents on Plaintiffs' premises,[2] to

---

[1] Defendants shall refer to and include their respective agencies, employees, attorneys, representatives, and all other individuals and entities over whom they exercise control.

[2] Plaintiffs shall provide Defendants a list of the facilities, entities, and programs covered by the phrase "their medical providers, employees, clinical contractors, and any others acting on Plaintiffs' behalf or providing care to patients or residents in Plaintiffs' premises." However, Plaintiffs need not provide a list of all employees, providers, or contractors. To the extent that any questions arise about the people or entities covered by this temporary restraining order during the period that it is in effect, the parties will reasonably meet and confer in good faith to resolve them.

a.  provide information and counseling about the use of medication for medical aid in dying;

b.  establish policies and procedures governing how information and counselling about the use of medication for medical aid in dying will be provided;

c.  arrange for another physician or nurse practitioner to provide information and counselling about the use of medication for medical aid in dying or to refer or transfer the patient to another physician or nurse practitioner willing to do so;

d.  document requests for the use of medication for medical aid in dying;

e.  assess, evaluate, or otherwise assist a patient in qualifying for the use of medication for medical aid in dying in any way;

f.  note the cause of death as the underlying terminal illness or condition in cases of the use of medication for medical aid in dying;

g.  permit the prescribing of medication for medical aid in dying and the self-administration of the use of medication for medical aid in dying in their facilities, or refer patients to "willing" providers for the purposes of the prescribing of medication for medical aid in dying; or

h.  prohibit Plaintiffs from subjecting employees to employment consequences or contractual liability for taking any action authorized by MAID and PCIA that is inconsistent with Plaintiffs' sincerely held religious beliefs.

3.  Defendants' agreement to this voluntarily restraining order as set forth in the preceding paragraph is not an admission or representation that the conduct described in paragraph

2(a)-(h) is required by law.

4.    Upon the expiration of this injunction, Defendants may not retroactively enforce what is barred herein.

5.    Defendants acknowledge proper service of the Summons, Verified Complaint, Emergency Motion, and all supporting or related papers, and waive any objections based on improper service.

6.    Defendants acknowledge that a bond is unnecessary in the context of the still-pending Emergency Motion and waive any argument that one is required.

7.    This injunction shall not prevent or preclude Defendants from adopting, developing or promulgating policies and procedures relative to MAID and the PCIA or enforcing said laws against non-parties to this matter.

8.    The briefing schedule on the Emergency Motion set forth in the July 23, 2026 Text Order (Dkt. No. 16), and the briefing schedule on Defendants' anticipated motion to dismiss, if any, are hereby extended and set on consent as follows:

    a.    Defendants' opposition to the Emergency Motion, together with any joint cross-motion to dismiss, are due on or before August 20, 2026;

    b.    Plaintiffs' reply in support of the Emergency Motion and any opposition to the joint cross-motion to dismiss are due on or before September 8, 2026; and

    c.    Defendants' reply, if any, on the joint cross-motion to dismiss is due on or before September 15, 2026.

**IT IS SO ORDERED.**

Dated: July 30, 2026
    Albany, New York

_____
Anne M. Nardacci
U.S. District Judge